Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/10/2021 08:08 AM CST

State of Nebraska, appellee, v.
Amandah K. Chase, appellant.

___ N.W.2d ___

Filed September 17, 2021.    No. S-20-789.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous.

2. **Judgments: Appeal and Error.** Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.

3. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

4. **Speedy Trial: Final Orders.** The denial of a motion for discharge under the speedy trial statutes is a final order under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020).

5. **Speedy Trial: Appeal and Error.** An appeal from the denial of a motion for discharge under the speedy trial statutes presents a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired before the commencement of trial and does not require any showing of prejudice.

6. **Speedy Trial.** To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

7. **Speedy Trial: Misdemeanors: Warrants: Arrests.** For misdemeanor offenses where an "intimate partner" is an element of the offense, the

6-month period within which an accused is to be brought to trial commences the date the defendant is arrested on a complaint filed as part of a warrant for arrest.

8. **Speedy Trial: Proof.** The burden of proof is upon the State to show by a preponderance of the evidence that one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) are applicable when the defendant is not tried within 6 months.

9. **Speedy Trial: Good Cause.** Judicial delay, absent a showing by the State of good cause, does not toll the speedy trial statute.

10. ____: ____. When a trial court relies on Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) to exclude time from the speedy trial calculation, it must make specific findings as to the good cause which resulted in the delay.

11. **Appeal and Error.** Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy the requirement that the party asserting the alleged error must both specifically assign and specifically argue it in the party's initial brief.

12. **Motions for Continuance: Waiver.** The statutory requirements of Neb. Rev. Stat. § 25-1148 (Reissue 2016) can be waived by a defendant's failure to timely object.

13. **Motions for Continuance.** A trial court's sua sponte decisions to delay trial are not governed by Neb. Rev. Stat. § 25-1148 (Reissue 2016).

14. **Speedy Trial: Good Cause.** Evidence of good cause is properly presented at the hearing on the motion for absolute discharge and need not be articulated at the time of the court's sua sponte order delaying trial.

15. **Speedy Trial: Good Cause: Waiver.** Without a motion for absolute discharge under Neb. Rev. Stat. § 29-1208 (Reissue 2016), a defendant waives the statutory right to a trial within 6 months and no evidentiary showing of good cause is necessary at all.

16. **Good Cause: Words and Phrases.** Good cause is a substantial reason that affords a legal excuse.

17. **Speedy Trial: Good Cause: Appeal and Error.** In determining whether the trial court clearly erred in finding good cause after a hearing on a motion for discharge, an appellate court looks not just to the evidence presented at the hearing on the motion for discharge, but to the whole of the record.

18. **Speedy Trial.** The only timing requirement implicit in Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) is that the substantial reason affording a legal excuse objectively existed at the time of the delay.

Appeal from the District Court for Douglas County, Gary B. Randall, Judge, on appeal thereto from the County Court

for Douglas County, Sheryl L. Lohaus, Judge. Judgment of District Court affirmed.

Thomas C. Riley, Douglas County Public Defender, and Rebekah S. Keller for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## INTRODUCTION

The defendant appeals from the district court sitting as an appellate court, which affirmed the county court's denial of her motion for absolute discharge based on her statutory right to a speedy trial. She asserts the county court's failure to articulate its reasoning at the time of its sua sponte continuances of the trial date rendered untimely the evidence of good cause ultimately adduced by the prosecution at the hearing on her motion for discharge. The defendant argues that because of the untimeliness of the reasoning and evidence supporting good cause for the judicial delays, we must reverse the district court's determination that the county court did not clearly err in finding the delays attributable to its sua sponte orders were for good cause and therefore excludable. We disagree and affirm the judgment of the district court.

## BACKGROUND

The underlying charges against Amandah K. Chase are two counts of misdemeanor domestic violence assault in the third degree in violation of Neb. Rev. Stat. § 28-323(4) (Reissue 2016). The charges were filed in county court on October 2, 2019. Chase was arrested on January 21, 2020. A probable cause hearing was held that same date. The court set bond and appointed Chase defense counsel.

### March 13, 2020

A pretrial hearing was held on March 13, 2020, before Judge Sheryl Lohaus, in which defense counsel asked to set a hearing for "cleanup" and voir dire. The court set a hearing for March 26.

### March 26, 2020

At the hearing on March 26, 2020, again before Judge Lohaus, defense counsel informed the court that Chase intended to pursue a jury trial. The court scheduled a jury trial status check for May 28. The journal entry provides, "Case continued to 5/28/2020 at 10:30 AM on motion of Defense."

### May 28, 2020

The status check hearing on May 28, 2020, was held before Judge Jeffrey Marcuzzo. Defense counsel informed the court that Chase "is ready to set this for a jury trial."

Defense counsel continued, "I'm not sure when Judge Lohaus is setting hers or if she's requiring another cleanup." Judge Marcuzzo stated that he was "not quite sure myself," and he continued matters for a couple of weeks, scheduling another pretrial status check in front of Judge Lohaus so she could tell Chase "how she intends on handling these matters." Defense counsel responded, "Okay."

The journal entry stated, "Case continued to 6/11/2020 at 10:30 AM on motion of the Court." It further stated, "Case continued. Defendant asking to be set for trial at further hearing. No objection by State's Attorney."

### June 11, 2020

At the jury trial status check before Judge Lohaus on June 11, 2020, Chase reiterated her request for a jury trial and stated, "I'm not sure when the Court is going to be able to schedule those, but we'd like to have it set if possible."

The court replied, "Probably September." Defense counsel responded, "Okay." Discussion was had in which defense

counsel expressed willingness to be scheduled as a "backup" in order to be tried as soon as possible. Judge Lohaus explained that in such a case, the trial could end up being "bumped," because "we have other cases that have priority, which is district court." Defense counsel stated, "We'll take what we can get, Your Honor."

The journal entry provided, "Case continued to 8/10/2020 . . . for Jury Trial."

## June 25, 2020

A journal entry reflects that another hearing was held on June 25, 2020, but there is no bill of exceptions for that hearing. The journal entry states, "Case continued to 8/03/2020 . . . on motion of the Court . . . for Jury Trial - Voir Dire."

## Motion for Discharge and Hearing

The transcript contains a motion for absolute discharge with a certificate of service dated July 27, 2020. The motion claimed violations of Chase's statutory and constitutional rights to a speedy trial. The parties agreed that, absent tolling, the 6-month statutory period would have run on July 21, 2020.

At the hearing on the motion, the county court set forth that the State carried the burden to show the periods of delay were excludable. The State offered into evidence, and asked the county court to take judicial notice of, 11 exhibits containing administrative orders and other documents of the Nebraska Supreme Court and Douglas County relating to the COVID-19 pandemic. Chase did not object to the exhibits, and they were received.

The exhibits included an affidavit of the clerk of the district court, who averred on March 17, 2020, that due to the COVID-19 pandemic, he would be unable to notify and impanel the required prospective jurors.

The exhibits also included an administrative order on April 27, 2020, by Judge Shelly Stratman, the presiding district court judge, continuing for good cause all jury trials

scheduled for the jury panels beginning June 8 through 22. Judge Stratman explained that the court could not conduct jury trials within the social distancing guidelines for protection of the public during the pandemic. Even if the court could assemble a willing venire, Judge Stratman explained, there was no way to ensure a jury's deliberations would be unaffected by conflicting health and safety concerns.

The State argued the delays were all on the court's own motion for good cause due to the COVID-19 pandemic. But it also pointed out that defense counsel did not object to the May 28 continuance, but instead responded "[o]kay" after the court announced it would be continuing matters.

Defense counsel argued that when a court continues trial on its own motion, it must, at the time of the continuance, make specific findings of good cause based on evidence adduced by the State. She argued that it was too late for the State to prove and the court to find good cause based only on evidence presented at the hearing on the motion for discharge.

In a journal entry on July 30, 2020, the county court found that the continuances on March 26, May 28, and June 11 were on the court's own motion and that 96 days associated with these continuances were excludable. The court elaborated that the exhibits offered by the State at the hearing on the motion for discharge proved by a preponderance of the evidence the trial was delayed for good cause pursuant to Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016), because of a "nationwide pandemic of Novel Coronavirus and COVID-19 disease." The court specifically noted the affidavit of the clerk of the district court and Judge Stratman's administrative order in support of its finding.

## APPEAL TO DISTRICT COURT

Chase appealed the July 30, 2020, order denying her statutory right to a speedy trial to the district court. The court affirmed the county court's order denying the motion for discharge on the ground that the judicial delays were for good cause.

## ASSIGNMENT OF ERROR

Chase assigns that the district court erred in affirming the order of the county court denying her motion for absolute discharge under § 29-1207, because the State failed to meet its burden to show that good cause existed sufficient to toll her speedy trial rights.

## STANDARD OF REVIEW

[1,2] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous.[1] Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.[2]

[3] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[3]

## ANALYSIS

[4,5] This case presents an appeal from the denial of Chase's motion for discharge, which was affirmed by the district court. The denial of a motion for discharge under the speedy trial statutes is a final order under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020).[4] An appeal therefrom presents a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods,

---

[1] *State v. Jennings*, 308 Neb. 835, 957 N.W.2d 143 (2021).

[2] *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021).

[3] *County of Cedar v. Thelen*, 305 Neb. 351, 940 N.W.2d 521 (2020).

[4] See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

has expired before the commencement of trial and does not require any showing of prejudice.[5]

[6-8] To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.[6] Although the speedy trial statutes expressly refer to indictments and informations, we have held that they also apply to prosecutions commenced by the filing of a complaint in county court.[7] For misdemeanor offenses, such as this, where an "intimate partner" is an element of the offense, the 6-month period in which an accused is to be brought to trial commences the date the defendant is arrested on a complaint filed as part of a warrant for arrest.[8] The burden of proof is upon the State to show by a preponderance of the evidence that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months.[9]

Section 29-1207(4)(b) designates as excluded in computing the time for trial "[t]he period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel." Section 29-1207(4)(c) designates as excluded the period of delay resulting from a continuance granted at the request of the prosecuting attorney for two reasons. Those reasons, as set forth in the statute, are as follows: (1) if the continuance is granted because of the unavailability of evidence material to the State's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date,[10]

---

[5] See *id.*

[6] *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020).

[7] See *id*.

[8] See *State v. Lebeau*, 280 Neb. 238, 784 N.W.2d 921 (2010).

[9] See *State v. Chapman, supra* note 6.

[10] § 29-1207(4)(c)(i).

and (2) if the continuance is granted to allow the prosecuting attorney additional time to prepare the State's case and additional time is justified because of the exceptional circumstances of the case.[11]

[9,10] Section 29-1207(4) does not specifically describe a "continuance" by the court's own motion or judicial delay, but § 29-1207(4)(f) presents a catchall that designates as excluded in computing the time for trial "[o]ther periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause." We have explained that judicial delay, absent a showing by the State of good cause, does not toll the speedy trial statute.[12] And when a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, it must make specific findings as to the good cause which resulted in the delay.[13]

The county court specifically found that 96 days were associated with continuances at the court's own motion and that those days were excludable for good cause pursuant to § 29-1207(4)(f), because of a "nationwide pandemic of Novel Coronavirus and COVID-19 disease." An appellate court will give deference to such factual findings unless they are clearly erroneous.[14] Since the statutory 6-month period ran on July 21, 2020, and the motion for discharge was on July 27, we, like the district court, will affirm the county court's order denying the motion if the record supports that the district court did not clearly err in finding at least 7 days were excludable.

[11] Chase does not specifically argue that the evidence in the record pertaining to the COVID-19 pandemic, entered into evidence at the hearing on the motion for discharge, failed to provide good cause for the delays resulting from the court's sua sponte orders. Chase's challenge on appeal is instead to

---

[11] § 29-1207(4)(c)(ii).

[12] *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000).

[13] See *State v. Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980).

[14] See *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004).

the timing of the presentation of the evidence supporting good cause and the lack of any articulation on the record by the court concurrently with its orders as to why the court believed at that time the delays were for good cause. While Chase asserts in a conclusory fashion that the evidence was insufficient to meet the preponderance of the evidence standard, she fails to elaborate on this assertion other than challenging the timing of the presentation of the evidence. Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy the requirement that the party asserting the alleged error must both specifically assign and specifically argue it in the party's initial brief.[15]

Relying on *State v. Vela-Montes*[16] and statutory requirements for applications for continuances by the parties to an action, Chase asserts it was untimely for the prosecution to present the evidence supporting good cause at the hearing on the motion for absolute discharge. Chase also argues the county court's failure to articulate any reasoning at the time of the continuances makes it impossible for the prosecution to support good cause later.

In *Vela-Montes*, the prosecution had failed to support its application for a continuance with a contemporaneous affidavit as required by Neb. Rev. Stat. § 25-1148 (Reissue 2016). Neb. Rev. Stat. § 29-1206 (Reissue 2016) provides that "[a]pplications for continuances shall be made in accordance with section 25-1148"; § 25-1148, in turn, contemplates that a hearing will be held on the application for a continuance and states that "[w]henever application for continuance or adjournment is made by a party or parties to any cause or proceeding pending in the district court of any county, such application . . . shall be supported by the affidavit or affidavits of person or persons

---

[15] See *Dycus v. Dycus*, 307 Neb. 426, 949 N.W.2d 357 (2020).

[16] *State v. Vela-Montes*, 19 Neb. App. 378, 807 N.W.2d 544 (2011).

competent to testify as witnesses . . . ." The prosecution in *Velz-Montes* had supported its application for a continuance with only an unsworn statement to the court that one of the victims was unavailable, and the trial court had granted the continuance after overruling the defendant's objection that it was not supported. At the hearing on the defendant's subsequent motion for absolute discharge, the State adduced the testimony of the victim, whose unavailability had promoted the motion to continue. The trial court overruled the defendant's objection that this testimony was untimely and denied the motion for absolute discharge, rejecting the defendant's argument that the period of delay could not be excluded from the speedy trial calculation because the prosecution had failed to support its application for continuance with a contemporaneous affidavit.

The Nebraska Court of Appeals affirmed the denial of absolute discharge, concluding that the State's failure to comply with the dictates of § 25-1148 with respect to the timing of the presentation of the evidence in support of its application for a continuance deprived the defendant of a mere technical right, which did not warrant reversal.[17] The Court of Appeals rejected the defendant's attempt "to bootstrap a substantial right to the mere technical right actually affected" of the timing of the evidentiary support for the applications for a continuance.[18] The Court of Appeals explained that the trial court did not deprive the defendant of a substantial right by receiving evidence to support the prior continuance at the later hearing on the motion for discharge for two reasons: (1) there was "precise conformity" between the prosecution's proffered justification at the time of the motion for the continuance and the later evidence presented by the prosecution at the hearing on the motion for discharge and (2) the law generally permits courts to consider evidence relevant to earlier proceedings, which is adduced

---

[17] See *id.*

[18] *Id.* at 386-87, 807 N.W.2d at 551.

during the hearing on the motion for discharge.[19] The Court of Appeals said, however, that "had there been any significant variance [between the prosecution's proffered justification at the time of the motion and the evidence later presented at the hearing on the motion for discharge], we could not reach the same conclusion" that the failure to comply with § 25-1148 did not affect a substantial right.[20]

Chase asserts that, unlike in *Vela-Montes*, a substantial right was affected by the timing of the evidence in this case. She explains there is a significant variance between the proffered reason for the court's sua sponte delay at the time of its order and the evidence presented at the motion for discharge, because the court proffered no reason for its delay at all. Chase argues that because the county court failed to articulate on the record any reasoning at the time of its sua sponte continuances of her trial, the evidence presented at the hearing on the motion for discharge was an impermissible attempt to "fabricate 'good cause' after the fact"[21] and improperly "put words in the county court's mouth."[22] We find no merit to these arguments.

[12,13] Chase did not object at the time of the continuances, and the statutory requirements of § 25-1148 can be waived by a defendant's failure to timely object.[23] But more fundamentally, a trial court's sua sponte decisions to delay trial are not governed by § 25-1148. While judicial delays might be characterized as continuances by the court, they are not "[a]*pplications* for continuances" as described by § 29-1206. (Emphasis supplied.) They accordingly need not be in conformance with the requirements of § 25-1148, which describes a hearing on the

---

[19] *Id.* at 388, 807 N.W.2d at 551.

[20] *Id.*

[21] Brief for appellant at 12.

[22] *Id.* at 13.

[23] See, *State v. Shipler*, 17 Neb. App. 66, 758 N.W.2d 41 (2008); *State v. Roundtree*, 11 Neb. App. 628, 658 N.W.2d 308 (2003).

application and the necessary form of support for applications for continuances or adjournment "made by a party or parties." Chase's reliance on *Vela-Montes* is therefore misplaced.

[14,15] When a trial court's sua sponte decision to delay trial implicates statutory speedy trial rights, the exclusion of the period attributable to such delay is governed by a showing on the record of good cause as described by § 29-1207(4)(f). Evidence of good cause is properly presented at the hearing on the motion for absolute discharge and need not be articulated at the time of the court's sua sponte order delaying trial. Without a motion for absolute discharge under Neb. Rev. Stat. § 29-1208 (Reissue 2016), a defendant waives the statutory right to a trial within 6 months and no evidentiary showing of good cause is necessary at all.

[16-18] Good cause is a substantial reason that affords a legal excuse.[24] A showing of good cause is not an attempt to put words in the trial court's mouth, because there is no legal principle that requires the good cause shown to be consistent with the court's prior, contemporaneous rationale. Indeed, we have said that trial court's articulation of its reasoning, including its knowledge of docket congestion, is not competent evidence to support a finding of good cause,[25] because, by statute, the judge presiding at the trial may not testify as a witness.[26] The burden under § 29-1207(4)(f) is simply that there be "good cause." In determining whether the trial court clearly erred in finding good cause after a hearing on a motion for discharge, we look not just to the evidence presented at the hearing on the motion for discharge, but to the whole of the record.[27] The only timing requirement implicit in § 29-1207(4)(f) is that the substantial reason affording a legal excuse objectively existed at the time of the delay.

---

[24] See *State v. Kolbjornsen*, 295 Neb. 231, 888 N.W.2d 153 (2016).

[25] See, e.g., *State v. Baird, supra* note 12.

[26] Neb. Rev. Stat. § 27-605 (Reissue 2016).

[27] See *State v. Soltis*, 11 Neb. App. 61, 644 N.W.2d 160 (2002).

The State did not fabricate good cause that did not exist at the time of the court's sua sponte orders delaying trial. Rather, at the hearing on the motion for discharge, the State presented competent evidence that conditions relating to the COVID-19 pandemic were present at the time of the judicial delays. Chase does not contest that those conditions provided good cause.

In summary, we find no merit to Chase's argument on appeal that she was deprived of her statutory right to a speedy trial because the evidence supporting good cause for the judicial delays was adduced at the hearing on the motion for discharge and the court did not articulate its reasoning at the time those delays were ordered. We need not determine whether Chase consented to the court's continuances on May 28 and June 11, 2020, by responding "[o]kay" to the court's statements from the bench about when trial could be scheduled.

## CONCLUSION

We affirm the judgment of the district court, which affirmed the order of the county court denying Chase's motion for absolute discharge.

AFFIRMED.

HEAVICAN, C.J., not participating.