Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/08/2022 09:06 AM CST

State of Nebraska, appellee, v.
Kevin J. Young, appellant.
___ N.W.2d ___

Filed February 1, 2022.    No. A-21-244.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous.

2. **Judgments: Appeal and Error.** Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.

3. **Speedy Trial: Proof.** The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

4. **Speedy Trial.** To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

5. **Good Cause.** A district court's good cause findings must be supported by evidence in the record, and the State bears the burden of establishing facts showing that good cause existed.

6. **Speedy Trial: Good Cause: Motions for Continuance.** When a trial court's sua sponte decision to delay trial implicates statutory speedy trial rights, the exclusion of the period attributable to such delay is governed by a showing on the record of good cause as described by Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016).

7. **Speedy Trial: Good Cause.** Evidence of good cause is properly presented at the hearing on the motion for absolute discharge and need not be articulated at the time of the court's sua sponte order delaying trial.

8. **Speedy Trial: Good Cause: Proof.** The burden under Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) is simply that there be "good cause."

9. **Speedy Trial: Good Cause: Appeal and Error.** In determining whether the trial court clearly erred in finding good cause after a hearing on a motion for discharge, an appellate court looks not just to the evidence presented at the hearing on the motion for discharge, but to the whole of the record.

10. **Speedy Trial.** The only timing requirement implicit in Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) is that the substantial reason affording a legal excuse objectively existed at the time of the delay.

11. **Speedy Trial: Good Cause: Proof: Appeal and Error.** An appellate court's review of whether the State met its burden to show good cause focuses on the evidence presented to the court at the hearing on the motion for discharge and whether the evidence supported the court's finding that good cause existed at the time of the delay. In doing so, an appellate court looks not just to the evidence presented at the hearing on the motion for discharge, but to the whole of the record.

12. **Speedy Trial: Good Cause.** When a trial court relies on Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) to exclude time from the speedy trial calculation, a general finding of "good cause" will not suffice. Instead, the court must make specific findings as to the good cause which resulted in the delay.

13. **Good Cause: Appeal and Error.** An appellate court will give deference to the trial court's factual findings as to good cause unless they are clearly erroneous.

Appeal from the District Court for Douglas County: Thomas A. Otepka, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Tamara T. Mosby for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Pirtle, Chief Judge, and Riedmann and Welch, Judges.

Pirtle, Chief Judge.

## INTRODUCTION

Kevin J. Young appeals the order of the district court for Douglas County which overruled his motion for absolute

discharge wherein he alleged a violation of his statutory right to a speedy trial. Young claims that the district court erred when it concluded that a continuance ordered by the court in response to the COVID-19 pandemic was for good cause and therefore should be excluded from the calculation of the time for bringing him to trial. Based on the reasons that follow, the district court's order is affirmed.

## BACKGROUND

On July 9, 2020, the State filed an information charging Young with possession of a deadly weapon by a prohibited person, a Class ID felony, under Neb. Rev. Stat. § 28-1206(3)(b) (Cum. Supp. 2020). Young filed a motion for discovery on July 10, and the district court granted the motion on July 14. On December 7, the court set the matter for trial for January 4, 2021.

On December 11, 2020, the court, on its own motion, continued the January 4, 2021, trial to "the next readily available criminal jury panel" due to the COVID-19 pandemic. In its order, the court found that "continuing the criminal proceeding due to the current pandemic outweighs [Young's] right to a speedy trial and the period of delay caused by the continuance implemented by this Order are excluded for good cause." It further found that "on December 11, 2020, Judge Horatio Wheelock, Presiding District Court Judge entered Order MS 20-110 suspending all jury trials through February 28, 2021 due to a resurgence of the Covid 19 pandemic." Judge Horatio Wheelock's order and its attachments were attached to the court's December 11, 2020, order for continuance. The court excluded the time between December 11 "and [the] jury trial" from Young's speedy trial calculation.

Young filed a motion for discharge on January 20, 2021, and a hearing on the motion was held on February 24. The State offered four exhibits into evidence: the docket sheet from the case; the court's November 19, 2020, order setting a pretrial conference for December 7; the court's December

11 order for continuance, as well as all the attachments; and the transcript from the December 7 pretrial conference. Young offered into evidence administrative orders issued by the Chief Justice of the Nebraska Supreme Court on June 30 and November 6 that outlined procedures for the judicial branch with respect to COVID-19. Both administrative orders concluded, in part, that "no court shall close unless or until the Chief Justice of the Nebraska Supreme Court has issued an order declaring a nonjudicial day." The court received all exhibits into evidence.

On March 12, 2021, the district court overruled Young's motion for discharge. It found two periods of time that extended the speedy trial clock. First, it found that Young's motion for discovery resulted in 4 excludable days under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016). Second, it found that the court's December 11, 2020, continuance of the January 4, 2021, scheduled trial date was an excludable period under § 29-1207(4)(f). It concluded that based on exhibit 3 (the court's order for continuance, along with Judge Wheelock's order and the attachments to that order), the State established "good cause" under § 29-1207(4)(f), and that the time between December 11, 2020, and the jury trial was excludable from the speedy trial calculation.

## ASSIGNMENT OF ERROR

Young assigns that the district court erred in overruling his motion for absolute discharge because the State failed to meet its burden to show that good cause existed sufficient to toll his speedy trial rights.

## STANDARD OF REVIEW

[1,2] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous. *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021). Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers

the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id.*

## ANALYSIS

Young claims that the district court erred when it rejected his argument that he was entitled to absolute discharge because the State had violated his statutory right to a speedy trial. He claims that the court erred when it found that the December 11, 2020, continuance due to the COVID-19 pandemic was issued for good cause under § 29-1207(4)(f).

[3] The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016). Section 29-1208 provides that if a defendant is not brought to trial within the time provided for in § 29-1207, as extended by excluded periods, the defendant will be entitled to absolute discharge from the charged offense. Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1207(2) generally provides that the "six-month period shall commence to run from the date the indictment is returned or the information filed." Certain periods of delay are excluded from the speedy trial calculation. As relevant to this case, § 29-1207(4)(a) excludes all time between the time of the filing of a defendant's pretrial motions and their final disposition, and § 29-1207(4)(f) provides that other periods of delay not specifically enumerated in the statute may be excluded in the speedy trial computation, "but only if the court finds that they are for good cause." The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4). *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021).

[4] To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then

add any time excluded under § 29-1207(4). *State v. Blocher*, 307 Neb. 874, 951 N.W.2d 499 (2020). In the instant case, the information was filed on July 9, 2020, so the last day Young could be brought to trial without any excludable periods was January 9, 2021.

The district court found, and the parties agree, that an excludable time period existed as a result of Young's motion for discovery. Young filed his motion for discovery on July 10, 2020, and the motion was granted on July 14. The time from the filing of the motion for discovery until the order was issued is 4 days. That time period is excludable under § 29-1207(4)(a) as a pretrial motion of the defendant and thus extended the speedy trial deadline to January 13, 2021. On December 7, the district court set the matter for trial on January 4, 2021. The parties agree that this trial date fell within the allowable speedy trial time.

However, Young argues that the court's December 11, 2020, order continuing the January 4, 2021, trial date indefinitely due to COVID-19 was not supported by good cause under § 29-1207(4)(f) and thus does not qualify as an excludable period. He contends that the State failed to present any evidence that the continuance on December 11, 2020, was for good cause. Young acknowledges that the State offered evidence at the motion for discharge, but states that it failed to create any kind of record establishing good cause prior to the hearing on the motion for discharge. He further argues, "The mere existence of the COVID-19 pandemic should be insufficient by itself to show good cause for delays in Young's case." Brief for appellant at 13.

[5-10] A district court's good cause findings must be supported by evidence in the record, and the State bears the burden of establishing facts showing that good cause existed. *State v. Brown, supra.* When a trial court's sua sponte decision to delay trial implicates statutory speedy trial rights, the exclusion of the period attributable to such delay is governed by a showing on the record of good cause as described by

§ 29-1207(4)(f). *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021). The Nebraska Supreme Court recently explained that evidence of good cause is properly presented at the hearing on the motion for absolute discharge and need not be articulated at the time of the court's sua sponte order delaying trial. *Id.* The burden under § 29-1207(4)(f) is simply that there be "good cause." *State v. Chase, supra*. In determining whether the trial court clearly erred in finding good cause after a hearing on a motion for discharge, an appellate court looks not just to the evidence presented at the hearing on the motion for discharge, but to the whole of the record. *Id.* The only timing requirement implicit in § 29-1207(4)(f) is that the substantial reason affording a legal excuse objectively existed at the time of the delay. *State v. Chase, supra*.

[11] Accordingly, the State did not need to offer any evidence or create any kind of record, as Young contends, to establish good cause prior to the hearing on the motion for discharge. The December 11, 2020, continuance was ordered sua sponte by the court and not granted on the State's motion. The State did present evidence at the hearing on Young's motion for discharge. Our review of whether the State met its burden to show good cause focuses on the evidence presented to the court at the hearing on the motion for discharge and whether the evidence supported the court's finding that good cause existed at the time of the delay. See *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021). In doing so, we look not just to the evidence presented at the hearing on the motion for discharge, but to the whole of the record. *Id.*

[12,13] When a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, a general finding of "good cause" will not suffice. *State v. Brown, supra*. Instead, the court must make specific findings as to the good cause which resulted in the delay. *Id.* An appellate court will give deference to such factual findings unless they are clearly erroneous. *Id.*

At the hearing on the motion for discharge, the State offered exhibit 3 into evidence, which consisted of the court's December 11, 2020, order for continuance, along with Judge Wheelock's order and the attachments to that order. Judge Wheelock's order stated that all criminal and civil jury trials scheduled to begin between January 4 and February 28, 2021, be continued "to the next available jury trial selection date of each Individual District Judge pending further order of the Court." Attached to Judge Wheelock's order, and presented as part of exhibit 3, were the following: (1) a letter dated December 9, 2020, from Douglas County officials requesting the Chief Justice's approval for an extension to the limited access to the courts that was in place at the time and set to expire on December 31; (2) a letter dated December 10, 2020, from the State Court Administrator granting Douglas County's request to limit access to the courts until February 28, 2021; and (3) two press releases dated December 5, 2020, and December 6, 2020, from the Douglas County Health Department with COVID-19 information and recent COVID-19 statistics for Douglas County.

In its order overruling Young's motion for discharge, the court found the State established "good cause" under § 29-1207(4)(f) based on exhibit 3. Specifically, the evidence showed that Douglas County had received written approval from the State Court Administrator to extend its limited access plan until February 28, 2021. The limited access plan included that no criminal or civil jury trials would be held during the timeframe. Upon receiving approval, Judge Wheelock entered an order that all criminal jury trials scheduled to begin between January 4 and February 28 in Douglas County were continued until the next available jury trial selection date.

We conclude that the district court did not err in finding that the State established "good cause" under § 29-1207(4)(f) for the court's December 11, 2020, continuance. We note that our determination in this respect considers the context of the COVID-19 pandemic circumstances and conditions that

existed at the time the continuance was ordered. See *State v. Brown, supra*. The time between December 11, 2020, and the jury trial is excludable from the speedy trial calculation.

## CONCLUSION

We conclude that Young's statutory right to a speedy trial was not violated and that therefore, the district court did not err when it overruled Young's motion for discharge. The district court's order is affirmed.

AFFIRMED.