IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WILLIAMS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DEMOND E. WILLIAMS, APPELLANT.

Filed November 7, 2023.    No. A-23-048.

Appeal from the District Court for Douglas County: MARLON A. POLK, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Samuel A. Raybine for appellant.

Michael T. Hilgers, Attorney General, and Stacy M. Foust for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Demond E. Williams appeals from the Douglas County District Court's order denying his motion for absolute discharge on speedy trial grounds. For the reasons stated herein, we affirm.

## STATEMENT OF FACTS

On July 1, 2021, the State charged Williams by information with one count of first degree sexual assault of a child. The following day, Williams filed a motion for discovery, which was granted by the court on July 6. The court set the matter for a pretrial conference on September 2.

On September 2, 2021, Williams filed a motion to continue the pretrial, which was subsequently continued to October 27. On that same date, he filed a motion to take a deposition. No action was taken on the motion to take a deposition until April 6, 2022, when defense counsel orally requested to withdraw the motion. In the interim, Williams requested a continuance of the pretrial on February 16, 2022, which was continued until March 2; and he filed a pro se motion to

- 1 -

dismiss counsel and for appointment of new counsel on March 10. That motion was denied by the court during the April 6 hearing prior to counsel's withdrawal of the motion to take a deposition.

Thereafter, on August 2, 2022, defense counsel requested a continuance of the August 15 trial date to allow counsel additional time to prepare. The district court granted the motion finding that there was good cause to continue the trial date. The matter was set for pretrial on August 29; however, defense counsel again requested a continuance. The pretrial was continued until November 1 and, on that date, at defense counsel's request, the pretrial was again continued to December 19.

The matter came on for a pretrial on December 19, 2022, and, during the hearing, Williams requested that the matter be set for trial. Trial was tentatively set for January 23, 2023, subject to the State providing the court with its speedy trial calculation. On December 22, the State emailed the court requesting that the court schedule trial for December 27 because the January date would be outside of the 6-month speedy trial deadline. A hearing was held on December 23, 2022, to address the speedy trial deadline. The district court orally found:

> The Court, for purposes of the record, will find that given that the Court is out of the office until January 9th, and the fact that the December jury trial panels for the Fourth Judicial District, for the entirety of the district, was December 5th and December 12th, and that therefore, the Court would have been unable to set this matter for trial during those weeks, given that we are on Friday, December 23rd, and that the Court's next available jury trial panel is January 23rd, 2023, which was the date the Court chose during our pretrial conference on December 19th, 2022, the Court would find, due to scheduling issues relating to the Court and the available jury trial panels, that there is good cause to have this matter set for trial on Monday, January 23rd, 2023, so the Court will find good cause in that regard.

During the hearing, defense counsel indicated his intention to file a motion for discharge for speedy trial violations, which he filed on January 6, 2023. An evidentiary hearing thereon was held on January 9.

At the January 9, 2023, evidentiary hearing, the district court took judicial notice of the court file including all journal entries and orders. Additionally, Williams offered into evidence a transcript from the April 6, 2022, hearing and an email thread between defense counsel, the court, and the prosecutor, related to the State's concern that the January 23, 2023, trial date was outside the 6-month speedy trial deadline. After receiving the evidence and hearing the parties' arguments, the district court, in its written order, found that Williams was not denied his statutory or constitutional right to a speedy trial.

In reaching that conclusion, the district court made the following findings in relation to its speedy trial calculation:
- The information was filed on July 1, 2021.
- Williams filed a motion for discovery on July 2, 2021, which was granted on July 6, 2021, which tolled the speedy trial clock for that period.
- The court found that 58 speedy trial days ran from July 6, 2021, to September 2, 2021, when Williams filed various motions, including a motion to take a deposition, which was not

resolved until April 6, 2022, when that motion was withdrawn, which tolled the speedy trial clock for that period.

- The speedy trial clock ran from April 6, 2022, until August 2, 2022, when Williams moved to continue the trial scheduled for August 15, 2022, which the court calculated as 118 speedy trial days.
- Using the above stated calculations, the court determined that, at the time of Williams' August 2, 2022, request to continue the trial, 177 speedy trial days had run. As such, the court concluded that the motion to continue the trial filed on August 2, 2022, constituted an effective waiver of Williams' right to a speedy trial because as of that date, Williams' speedy trial clock was not set to expire until August 6 and the court's granting of the motion resulted "in a period of delay that necessarily extended his trial outside the 6 month speedy trial window."

Williams now appeals from the district court's denial of his motion for absolute discharge on statutory speedy trial grounds.

## ASSIGNMENTS OF ERROR

Williams contends that the district court erred in denying his motion for discharge because (1) the State failed to meet its burden of proof to show that he was brought to trial before the expiration of the time for trial under Neb. Rev. Stat. § 29-1207 (Reissue 2016) and (2) the State failed to prove that Williams was advised of his speedy trial rights.

## STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022). Statutory interpretation presents a question of law which an appellate court reviews independently of the lower court. *State v. Williams*, 313 Neb. 981, 987 N.W.2d 613 (2023).

## ANALYSIS

### DENIAL OF MOTION FOR DISCHARGE

Williams first contends that the district court erred in denying his motion for absolute discharge because the State failed to satisfy its burden of proof to show that he was brought to trial before the running of the time for trial as provided in § 29-1207 as calculated with applicable excludable periods.

The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016). Section 29-1208 provides:

If a defendant is not brought to trial before the running of the time for trial as provided for in section 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section."

Section 29-1207(2) generally provides that the "six-month period shall commence to run from the date the indictment is returned or the information filed." As relevant to this appeal, certain periods of delay are excluded from the speedy trial calculation under § 29-1207(4) including:

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to, an examination and hearing on competency and the period during which he or she is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel. A defendant without counsel shall not be deemed to have consented to a continuance unless he or she has been advised by the court of his or her right to a speedy trial and the effect of his or her consent. A defendant who has sought and obtained a continuance which is indefinite has an affirmative duty to end the continuance by giving notice of request for trial or the court can end the continuance by setting a trial date. When the court ends an indefinite continuance by setting a trial date, the excludable period resulting from the indefinite continuance ends on the date for which trial commences. A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period;

. . . .

(f) Other periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause.

The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4). *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022).

Here, the information was originally filed on July 1, 2021. To calculate the 6-month speedy trial clock, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). See *State v. Gill*, 297 Neb. 852, 901 N.W.2d 679 (2017). Excludable periods attributable to a motion begin on the day immediately after the filing and end on the date of final disposition. *Id.* As such, absent any excludable periods, the speedy trial deadline would have run on January 1, 2022. However, because January 1 fell on a Saturday, the date is extended to the next available business day which was January 3. See *State v. Trusler*, No. A-03-857, 2004 WL 1191048 (Neb. App. June 1, 2004) (selected for posting to court website).

After the information was filed, Williams filed multiple pretrial motions and motions to continue. Pursuant to § 29-1207(4)(a), those motions constitute excludable periods of time to add to the speedy trial calculation and we provide that calculation below applying the criterium set forth in that statute.

On July 2, 2021, Williams filed a motion for discovery which was granted on July 6. That constitutes a 4-day excludable period. On September 2, Williams filed a motion to take a

- 4 -

deposition which was not resolved until April 6, 2022. That constitutes a 216-day excludable period. After applying the 220 excludable days calculated above, the new deadline to bring Williams to trial was August 11, 2022.

On August 2, 2022, Williams moved to continue the trial that had been scheduled for August 15. Even though the new deadline to bring Williams to trial was August 11, in ruling on Williams' motion for absolute discharge, the district court found that Williams' August 2 motion to continue constituted a waiver of his right to a speedy trial. The court's ruling was tied to the final sentence in § 29-1207(4)(b) which provides:

> A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period.

In interpreting this statute, the Nebraska Supreme Court held in *State v. Riessland*, 310 Neb. 262, 266-67, 965 N.W.2d 13, 16 (2021):

> Interpreting this language, we have said, "[I]f a defendant requests a continuance that moves a trial date which has been set within the statutory 6-month period to a date that is outside the 6-month period, that request constitutes a permanent waiver of the statutory speedy trial right." [*State v.*] *Mortensen*, 287 Neb. [158,] 165, 841 N.W.2d [393,] 400 [(2014].

Contrary to the district court's conclusion, at the time of William's August 2, 2022, request to continue the August 15 trial date, the trial had already been set outside the August 11 speedy trial deadline. As such, Williams' motion did not result in moving the trial outside the speedy trial deadline, as the trial had already been set outside that deadline. Nevertheless, at the time of Williams' August 2 motion to continue, there was still time remaining on the speedy trial clock and Williams' motion commenced another excludable period to add to the calculation.

In making his motion to continue the trial on August 2, 2022, Williams did not ask for a date certain in connection with the requested continuance. Instead, during an August 4 hearing held on the motion, Williams' counsel requested that the court simply set a new pretrial date so that he could have the time to discuss a plea offer with Williams. Section 29-1207(4)(b) provides in relevant part that "[a] defendant who has sought and obtained a continuance which is indefinite has an affirmative duty to end the continuance by giving notice of request for trial or the court can end the continuance by setting a trial date." We find that Williams' August 2 motion was a request for an indefinite continuance on which Williams did not take affirmative action until the December 19 pretrial hearing during which Williams orally requested that the court set a trial date.

Applying the speedy trial statute, Williams' motion for an indefinite continuance resulted in 139 excludable days. That means that as of Williams' December 19, 2022, request to set the trial date, there were a total of 359 excludable days to add to the speedy trial deadline. After applying those days to the original January 3, 2022, speedy trial deadline, the court was presented with Williams' December 19, motion to set the trial date with the speedy trial deadline set to expire on December 28. The short duration to set the matter for trial was brought to the court's attention during the December 19 pretrial hearing during which the following colloquy took place:

THE COURT: And what time frame are we working on? When do we need to get that in?

[Defense Counsel]: I'll defer to [the State] on that.

[State]: I think we have a very, very short time frame, Your Honor. I don't have a specific speedy calculation . . .

THE COURT: What are you thinking in terms of short?

[State]: You know, the thing that makes me a little bit nervous about the speedy [trial calculation] was that there was a motion that was outstanding for a period of time. . . . I believe it was orally asked to have been withdrawn at one point, and there wasn't an order submitted. I'd have to do a calculation of speedy trial. I think we might be very close. I don't know if it's possible . . . for me just to try and do a calculation this morning and e-mail counsel and the Court.

THE COURT: . . . that's fine. . . . I guess I can give you, depending on what the calculation discloses to us, . . . we would be able to do January 23.

The trial was then tentatively set for January 23, 2023, subject to the State's request to inform the court of its calculations concerning the speedy trial deadline. In a subsequent email, the State requested another hearing to address the January 23 trial date stating that, "[b]y my calculation that date will be outside the 6[-]month speedy trial deadline." The State requested that the trial be set to begin on December 27, 2022, in order to be within the speedy trial timeline. At the December 23 hearing, the court found that due to the court's unavailability and because the district's December jury panels had already passed, the court was unable to set the trial earlier than January 23, 2023. As a result, the court found that there was good cause to exclude the timeframe between December 19, 2022, and January 23, 2023, under the speedy trial calculation.

Section 29-1207(4)(f) adds to the period of excludable time by excluding "the periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause." Here, the district court found that by the time that Williams made his December 19, 2022, request for a trial date, the court was unable to set the matter for trial within the short 9-day window remaining on the speedy trial clock and that the timeframe from December 19 until the next reasonably available trial date constituted an excludable period under the good cause exception. Under these circumstances, we agree.

In *State v. Rashad*, 31 Neb. App. 779, 788-89, 989 N.W.2d 741, 748 (2023), this court recently stated:

Good cause has been defined as a "substantial reason that affords a legal excuse." *State v. Chase*, 310 Neb. 160, 172, 964 N.W.2d 254, 263 (2021). The language of § 29-1207(4)(f) simply requires that good cause be shown for excluding from the speedy trial clock any other period of time not specifically discussed in the other subsections of that statute. See *State v. Chase, supra*. The only timing requirement implicit in § 29-1207(4)(f) is that the substantial reason affording a legal excuse objectively existed at the time of the delay. *State v. Chase, supra*. The appellate courts of this state have previously recognized that docket congestion in trial courts can constitute good cause for delay in speedy trial calculations. See, *State v. Sommer*, 273 Neb. 587, 731 N.W.2d 566 (2007); *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972); *State v. Ostermeier*, 31

Neb. App. 322, 979 N.W.2d 546 (2022). The Nebraska Supreme Court has recognized that good cause is a factual question dealt with on a case-by-case basis. *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022). When a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, the court must make specific findings as to the good cause which resulted in the delay. *State v. Moody,* supra. An appellate court will give deference to such factual findings unless they are clearly erroneous. *Id.*

At the time of Williams' December 19, 2022, request for a trial date made during the pretrial hearing, the speedy trial clock was set to run on December 28. Because the jury panels for the month of December had already passed, the court set the trial for January 23, 2023, which was the first day of its next available jury panel. Under these specific facts, that is, where the matter had been indefinitely continued at Williams' request; where only 9 days remained on the speedy trial clock on December 19, 2023, when Williams' requested that the court schedule the trial; where the court's jury panels were not available within that 9 day window; and where the court set the matter for the first day of its next available jury panel; we find that the timeframe between December 19, 2022, and January 23, 2023, constituted "good cause" to be excluded under the statute. As such, we find that at the time Williams filed his motion for discharge on January 6, 2023, the January 23 trial date was set within the time for trial under § 29-1207 including excluded periods and that the district court did not err in denying Williams' motion for discharge. This assignment of error fails.

SPEEDY TRIAL ADVISEMENT

Williams' second assignment of error is that the court erred in denying his motion for absolute discharge because the State failed to prove that he was advised of his speedy trial rights under § 29-1207(4)(b). More specifically, Williams asserts that in connection with his multiple motions to continue the trial during these proceedings, he was not advised of the impact of those motions on his speedy trial rights. In connection with this assignment, Williams argues:

> A defendant has "a right to waive a speedy trial and consent to a continuance *as long as* he [is] properly advised either by counsel or the court of his rights to a speedy trial. *State v. Williams*, 211 Neb. 650, 654[, 319 N.W.2d 748, 751,] (1982) (emphasis added).
> While the passage in *Williams* is brief, the language is clear: a defendant may waive their right to a speedy trial or consent to a continuance under Neb. Rev. Stat. § 29-1207(4)(b), however they must be properly advised of that right."

Brief for appellant at 15. Williams argues that the State failed to meet its burden to show that those continuances requested and granted resulted in excludable periods because the record is devoid of speedy trial rights advisements in connection with his multiple requests for continuances including but not limited to his August 4, 2022, request.

But Williams' reliance on *State v. Williams, supra*, is misplaced. In *Williams*, the Nebraska Supreme Court's statement was made with regard to a request for a continuance that would result in a waiver of a defendant's statutory right to a speedy trial. As we explained in the first part of this opinion, none of Williams' continuance requests resulted in his trial being scheduled beyond

the speedy trial deadline; accordingly, no specific request by Williams resulted in a waiver of his statutory speedy trial rights or required an admonishment in connection therewith.

Further, in *State v. Sims*, 272 Neb. 811, 725 N.W.2d 175 (2006), the Nebraska Supreme Court explained that when a trial is continued beyond the statutory speedy trial deadline for "good cause" pursuant to § 29-1207(4)(f), the trial court shall provide the waiver admonishment described in *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972); however, the same requirement does not apply in connection with a defendant's own request for a continuance under § 29-1207(4)(b). In so finding, the Nebraska Supreme Court stated:

> [The defendant] also asserts that *State v. Alvarez,* 189 Neb. 281, 202 N.W.2d 604 (1972), "was not followed." Brief for appellant at 15. In *Alvarez,* we addressed the "good cause" catchall provision of § 29-1207(4)(f) and held that in order to facilitate review, a general finding of a trial court that "good cause" existed under § 29-1207(4)(f) would no longer suffice. Rather, the trial court would be required to "make specific findings as to the cause or causes of such extensions and the period of extension attributable to such causes." *State v. Alvarez,* 189 Neb. at 292, 202 N.W.2d at 611.

> Recognizing that the case was one of the first cases to reach this court involving Neb. Rev. Stat. §§ 29-1205 to 29-1209 (Reissue 1995), we explained that "[w]e now deem it *advisable* to recommend the following for *procedural uniformity.*" (Emphasis supplied.) *State v. Alvarez*, 189 Neb. at 293, 202 N.W.2d at 611. We then set forth the following: When the district court sets a date for trial, which date is later than the statutory time allowed by section 29-1207, R.S. Supp., 1971, the court shall: (1) Advise the defendant of his statutory right to a speedy trial and the effect of his consent to a period of delay, and (2) Ascertain of record whether the defendant does or does not waive his right to a speedy trial and consent to the trial date set. *Id.*

> We do not find *Alvarez* to be applicable to the case at bar. As we have explained, no showing of "good cause" is required in this case because the period of delay was a result of a continuance requested by [the defendant's] counsel. *Alvarez* concerned a period of delay under § 29-1207(4)(f) and not an excludable period, as presented here, under § 29-1207(4)(b). In *State v. McHenry*, 268 Neb. 219, 682 N.W.2d 212 (2004), we held that the statutory right to a speedy trial is not a personal right that can we waived only by a defendant, and a defendant is therefore bound by counsel's motion for a continuance even if the defendant is opposed to the motion. A defendant can only be deemed not so bound in the event that counsel is a "'"'farce and a sham.' . . ."'" *Id*. at 232, 682 N.W.2d at 225. [The defendant] does not argue that trial counsel was such a farce and a sham that he should not properly be considered his counsel for these purposes. Inasmuch as the procedural recommendations set forth in *Alvarez* [regarding speedy trial advisements necessary when a court sets a date for trial outside of the statutory time allowed by § 29-1207] could be deemed applicable to an excludable period under § 29-1207(4)(b), [the defendant] fails to make any argument as to how the failure to follow such procedure violated his speedy trial rights where trial counsel waived that right on his behalf.

*State v. Sims*, 272 Neb. at 822-23, 725 N.W.2d at 185-86.

Because none of the continuances requested by Williams on this record resulted in a waiver of his right to a speedy trial or required an admonishment of the type discussed in *State v. Alvarez, supra*, Williams' assignment that excludable periods associated with delays occasioned by his own motions for continuances without admonishment fails.

CONCLUSION

For the reasons stated above, we find that the district court did not err in denying William's motion for discharge based upon its finding that Williams' statutory right to a speedy trial was not violated.

AFFIRMED.