Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/03/2022 09:11 AM CDT

State of Nebraska, appellee, v.
David J. Moody, appellant.
___ N.W.2d ___

Filed March 11, 2022.    No. S-21-303.

1. **Constitutional Law: Speedy Trial: Final Orders.** A pretrial order denying a motion for discharge on constitutional speedy trial grounds does not affect a substantial right in a special proceeding for purposes of Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2020).

2. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

3. **Speedy Trial: Proof.** When calculating the time for speedy trial purposes, the State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

4. **Speedy Trial: Good Cause: Words and Phrases.** "Good cause," for purposes of Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016), means a substantial reason and one that affords a legal excuse.

5. **Good Cause: Proof.** Good cause is a factual question dealt with on a case-by-case basis. A trial court's good cause findings must be supported by evidence in the record, and the State bears the burden of establishing facts showing that good cause existed.

6. **Speedy Trial: Good Cause.** When a trial court relies on Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) to exclude time from the speedy trial calculation, a general finding of "good cause" will not suffice. Instead, the court must make specific findings as to the good cause which resulted in the delay.

7. **Speedy Trial: Good Cause: Appeal and Error.** An appellate court will give deference to a trial court's factual findings as to good cause under Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) unless they are clearly erroneous.

8. **Speedy Trial: Good Cause.** Evidence of good cause is properly presented at the hearing on the motion for absolute discharge and need not be articulated at the time of the trial court's sua sponte order delaying trial.

9. **Speedy Trial: Good Cause: Appeal and Error.** In determining whether the trial court clearly erred in finding good cause after a hearing on a motion for discharge, an appellate court looks not just to the evidence presented at the hearing on the motion for discharge, but to the whole of the record.

10. **Speedy Trial.** The only timing requirement implicit in Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) is that the substantial reason affording a legal excuse objectively existed at the time of the delay.

11. \_\_\_\_. To calculate the time for statutory speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

12. **Speedy Trial: Good Cause.** When a court makes a finding of "good cause" under Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016), the court is required to make specific findings as to the cause or causes of such extensions and the period of extension attributable to such causes.

Appeal from the District Court for Douglas County: Thomas A. Otepka, Judge. Affirmed in part, and in part dismissed.

Thomas C. Riley, Douglas County Public Defender, and Jessica C. West for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.
## NATURE OF CASE
David J. Moody appeals the order of the district court for Douglas County which overruled his motion for absolute discharge wherein he alleged violations of his statutory and constitutional rights to speedy trial. Moody claims on appeal that the district court erred when it found that the continuances

that the district court ordered resulted from the COVID-19 pandemic and were for "good cause" and, as a consequence, should be excluded from the calculation of the time for bringing him to trial. He contends that good cause was not shown and also that the evidence fails to show why his case was continued when other criminal trials were being held in the court. As explained below, we affirm in part, and in part dismiss.

## STATEMENT OF FACTS

On May 15, 2020, the State filed an information charging Moody with domestic violence assault in the third degree, second offense, and strangulation, both Class IIIA felonies under Neb. Rev. Stat. §§ 28-323(1) and (4) and 28-310.01(1) and (2) (Reissue 2016). Three continuances were ordered. Below, we briefly describe the continuance orders and thereafter describe each one in detail. The trial was originally set for November 9, but the district court held a rescheduling hearing on November 6, and on November 10, the court entered an order continuing the trial until January 20, 2021. Trial did not commence on January 20; instead, the court set a rescheduling hearing for that date, and Moody requested that the hearing be moved to January 25. On January 25, the court held the rescheduling hearing and announced that it would continue the trial until March 17. The order for the second continuance was filed on February 2. On March 16, the court held a rescheduling hearing on its own motion and, at that hearing, stated that it would continue trial until April 14. The order for the third continuance was filed on March 18. At each of the rescheduling hearings, the court received into evidence an affidavit of the court's bailiff in which the bailiff stated, inter alia, that the next available jury trial date to set Moody's trial was the date to which the court continued the trial. In each of the three orders continuing the trial, the district court made a finding that the period of delay resulting from the continuance should be excluded in calculating the time for trial for good cause shown pursuant to Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016).

In the first continuance order, announced on November 6, 2020, and filed on November 10, the court cited an October 21 order issued by the presiding judge of the district court for Douglas County which stated that because of reasons related to the COVID-19 pandemic and the district court's efforts to mitigate the effects of the pandemic, the number of criminal jury trials held during the November 2020 term would be limited to 24, and that all other criminal cases scheduled for that month should be continued "for good cause pursuant to Neb. Rev. Stat. Sec. 29-1207(4)(f)" to the next available trial date for the assigned judge. The next available date for the judge in this case was January 20, 2021, and the court ordered this case to be scheduled for that date "as back-up." The court attached the presiding judge's October 21 order to its order, and the presiding judge's order stated, inter alia, that holding additional trials at that time "would be impossible due to the ongoing social distancing restrictions for the public," because there was not "space available to accommodate any additional jury trials while at the same time maintaining social distancing restrictions."

In the second continuance order, announced on January 25, 2021, and filed on February 2, the court cited a December 11, 2020, order issued by the presiding judge of the district court for Douglas County which ordered that for reasons related to the COVID-19 pandemic, all criminal cases scheduled for the January and February 2021 terms be continued "for good cause pursuant to Neb. Rev. Stat. Sec. 29-1207(4)(f)" to the next available trial date for the assigned judge. The next available trial date for the judge assigned to this case was March 17, and the court ordered this case to be scheduled for that date "as back-up." The court attached the presiding judge's December 11, 2020, order, and it stated, inter alia, that there had been a "resurgence of the COVID-19 pandemic within Douglas County, Nebraska" that was "more severe . . . than it has been since its inception" and that "jury trials during this spike in the COVID-19 pandemic pose a clear and present danger to

the members of the public, participants in the judicial process, Douglas County Sheriff Deputies, law enforcement officers, attorneys, court staff, Judges, and all potential jurors."

In the third continuance order, announced March 16, 2021, and filed March 18, the court cited a January 29 order issued by the presiding judge of the district court for Douglas County which ordered that for reasons related to the COVID-19 pandemic, a limited number of criminal cases should be scheduled for the March 2021 term and that all other criminal cases should be continued "for good cause pursuant to Neb. Rev. Stat. Sec. 29-1207(4)(f)" to the next available trial date for the assigned judge. The next available trial date for the judge assigned to this case was April 14, and the court ordered that this case be scheduled for that date. The court attached the presiding judge's January 29 order, which referred to the district court's "inability to safely call and retain an adequate cross-section of jurors" and stated that as a consequence, "the backlog of criminal and civil cases requesting jury trials has increased." The presiding judge's order listed the specific criminal cases that would take place in the district court during the March 2021 panel, and Moody's case was listed as one of several cases that would be on "[b]ack-up" to the one case that was to be held by the judge assigned to Moody's case.

Moody filed a motion to discharge on speedy trial grounds on March 31, 2021. He asserted violations of his statutory right to trial within 6 months under § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016) and of his right to a speedy trial under the federal and Nebraska Constitutions. In the motion, Moody stated that excluding 1 day attributed to a discovery motion he filed, he should have been brought to trial on or before November 16, 2020. Moody contended that the delays related to the continuances ordered by the court should not have been excluded. He generally contended that some criminal trials were held during the period in which his case had been continued, and he asserted that the court set forth no reason why the trial of his case in particular could not be held when others were being held.

At a hearing on the motion to discharge, the district court received evidence offered by the State, including the affidavit of the bailiff for the trial judge in this case. The bailiff stated in the affidavit, inter alia, that there had been "several months where jury trials were not empaneled, because of the pandemic" and that when jury trials resumed in March 2021, each judge "was allotted one day for a criminal jury trial to be empaneled for that month." The bailiff also stated that on the date in March 2021 assigned to the judge in this case, a jury was empaneled for a criminal case that "had been bound over in the district court since March 7, 2019." The bailiff also stated that the judge's "next allotted jury trial date is April 14, 2021," and that Moody's case was "scheduled as the primary case that day." The evidence offered by the State also included several orders of the district court, including the three orders of continuance. The court also took judicial notice of the files in this case. Moody offered into evidence the affidavit of an attorney who represented a defendant in a criminal jury trial that took place in March 2021; the State objected based on relevance, and the court sustained the objection.

In an order filed April 9, 2021, the court overruled Moody's motion to discharge. The court first agreed with Moody's calculation that the 1-day delay caused by Moody's discovery motion extended the speedy trial time to November 16, 2020, and it stated that the parties agreed that the original trial date of November 9 was within the statutory speedy trial deadline. However, the court also found that there were additional excludable periods based on its three orders continuing the trial: first, until January 20, 2021, then to March 17, and then to April 14.

The court noted that in each of those orders, it had found that the delays caused by the continuances were excludable for good cause pursuant to § 29-1207(4)(f). The court rejected Moody's argument that the continuances were not shown to be for good cause. Moody had contended that "there [was] not enough evidence to establish why his case was not called

before others or why more efforts could not have been made to get his case to trial despite there being a global pandemic." The court found that the evidence presented by the State and the evidence it considered by judicial notice answered Moody's concerns regarding efforts to bring his case to trial and the reasons it could not be scheduled for trial. The court reviewed evidence, notably the affidavit of the court's bailiff and the orders of the presiding judge. The court found that the evidence showed that "it was not possible to take this particular case to trial between November 2020 and April 2021, because of the COVID-19 pandemic." The court stated that "the presiding judge continued jury trials and this [c]ourt followed those orders." The court found that "the COVID-19 pandemic is sufficient good cause to toll the speedy trial clock in this case." The court therefore found that under the speedy trial statute, the period of delay caused by the three continuances was excludable for good cause, and it concluded that Moody's motion for discharge based on statutory speedy trial rights should be overruled.

The court also considered Moody's constitutional right to speedy trial. The court stated that at the hearing, Moody focused on the statutory right and provided no argument or authority to support a constitutional claim. Nevertheless, the court considered factors set forth in case law regarding the constitutional right, and it concluded that this was not the "unusual case" in which there was no violation of the statutory right to speedy trial but there was a constitutional speedy trial violation. The court therefore overruled Moody's motion to discharge in its entirety.

Moody appeals the district court's order which overruled his motion for discharge.

## ASSIGNMENTS OF ERROR

Moody claims that the district court erred when it overruled his motion for discharge. Moody contends that the continuances were not shown to be for good cause and that therefore,

his statutory right to speedy trial was violated. He further claims that the court erred when it failed to make specific findings as to the cause or causes of the extensions of his trial date beyond 6 months and the period of extension attributable to each of such causes.

[1] Moody also claims that the delays violated his federal and state constitutional rights to speedy trial. As we recently held in *State v. Abernathy*, 310 Neb. 880, 891, ___ N.W.2d ___, ___ (2022), "a pretrial order denying a motion for discharge on constitutional speedy trial grounds does not affect a substantial right in a special proceeding for purposes of [Neb. Rev. Stat.] § 25-1902(1)(b) [(Cum. Supp. 2020)]," and therefore that issue is not reviewable in the interlocutory appeal of an order overruling a motion for discharge on statutory speedy trial grounds. We therefore lack appellate jurisdiction to review Moody's claim that he was entitled to absolute discharge on constitutional speedy trial grounds, and we dismiss that part of the appeal.

## STANDARD OF REVIEW

[2] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021).

## ANALYSIS

Moody claims that the district court erred when it found that the continuances ordered by the court were for good cause under § 29-1207(4)(f). He repeats the argument that he made to the district court that there was no showing why his case in particular could not have been tried when other trials were being held during the months at issue. Moody also claims that the court's order overruling his motion for discharge did not include specific findings as required by our holding in *State v. Alvarez*, 189 Neb. 281, 292, 202 N.W.2d 604, 611 (1972), that when a court makes a finding of "good cause"

under § 29-1207(4)(f), the court is "required to make specific findings as to the cause or causes of such extensions and the period of extension attributable to such causes."

We first review standards regarding statutory speedy trial rights and good cause for delays. Applying those standards, we conclude that the court's finding that the continuances were for good cause was not clearly erroneous and that the court's order was sufficiently specific regarding the periods of delay occasioned by its continuances and the causes of such continuances.

*Standards Governing Speedy
Trial and Good Cause.*

The statutory right to a speedy trial is set forth in §§ 29-1207 and 29-1208. Section 29-1208 provides that if a defendant is not brought to trial within the time provided for in § 29-1207, as extended by excluded periods, the defendant will be entitled to absolute discharge from the charged offense. Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1207(2) generally provides that the "six-month period shall commence to run from the date the indictment is returned or the information filed." Certain periods of delay are excluded from the speedy trial calculation. As relevant to this case, § 29-1207(4)(f) provides that other periods of delay not specifically enumerated in the statute may be excluded in the speedy trial computation, "but only if the court finds that they are for good cause."

[3-5] The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4). *State v. Brown, supra*. "Good cause," for purposes of § 29-1207(4)(f), is not defined by statute, but we have found it fitting to apply the meaning for "good cause" that we have used in other contexts, which is that "good cause" means a substantial reason and

one that affords a legal excuse. *State v. Brown, supra*. We have also recognized that good cause is a factual question dealt with on a case-by-case basis. *Id*. A district court's good cause findings must be supported by evidence in the record, and as noted, the State bears the burden of establishing facts showing that good cause existed. *Id*.

[6,7] When a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, a general finding of "good cause" will not suffice. *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021). Instead, the court must make specific findings as to the good cause which resulted in the delay. *Id*. An appellate court will give deference to such factual findings unless they are clearly erroneous. *Id*.

[8] In *State v. Chase*, 310 Neb. 160, 168, 964 N.W.2d 254, 261 (2021), we stated that a continuance by the court's own motion, or "judicial delay," does not toll the speedy trial statute "absent a showing by the State of good cause" and that "when a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, it must make specific findings as to the good cause which resulted in the delay." The continuances in *Chase* were ordered in response to the COVID-19 pandemic, but the defendant did not specifically argue on appeal that the evidence in the record pertaining to the COVID-19 pandemic failed to provide good cause for the delays resulting from the court's sua sponte orders. Instead, the defendant's challenge on appeal was to the timing of the presentation of the evidence supporting good cause and of the court's articulation on the record of the reasons the delays were for good cause. We held that the evidence of good cause is properly presented at the hearing on the motion for absolute discharge and need not be articulated at the time of the court's sua sponte order delaying trial. *Chase, supra*. We reasoned in *Chase* that "[w]ithout a motion for absolute discharge under [§ 29-1208], a defendant waives the statutory right to a trial within 6 months and no evidentiary showing of good cause is necessary at all." 310 Neb. at 172, 964 N.W.2d at 263.

[9,10] With regard to our review of a trial court's finding that a judicial delay was for good cause, we stated in *Chase, supra*, that in determining whether the trial court clearly erred in finding good cause after a hearing on a motion for discharge, we look not just to the evidence presented at the hearing on the motion for discharge, but to the whole of the record. The only timing requirement implicit in § 29-1207(4)(f) is that the substantial reason affording a legal excuse objectively existed at the time of the delay. *Chase, supra*. In the present case, the district court has assisted our review by making findings at the time of each of the three continuances.

[11] To calculate the time for statutory speedy trial purposes, "a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried." *Brown*, 310 Neb. at 233, 964 N.W.2d at 689 (internal quotation marks omitted). Applying this formula, the State and Moody agree that based on the filing of the information on May 15, 2020, and the exclusion of 1 day for Moody's discovery motion, the last day for trial in the absence of all good cause continuances would have been November 16. Trial was originally set to begin prior to that date, on November 9. However, the parties differ on how much time, if any, should have been excluded from the statutory speedy trial calculation for the delay caused by the court's continuance of the trial from November 9 to January 20, 2021, then to March 17, and finally to April 14. We next consider this disagreement.

*District Court's Finding That COVID-19 Pandemic*
*and Restrictions and Limitations Related*
*Thereto Established Good Cause for*
*the Delay of Moody's Trial.*

The district court in this case found that "the COVID-19 pandemic [was] sufficient good cause" and that therefore, the entire period of delay pursuant to its three continuance orders "constitute[d] an excludable period of delay pursuant to

§ 29-1207(4)(f)." The court stated that the record in this case was "replete with explanation that it was not possible to take this particular case to trial between November 2020 and April 2021, because of the COVID-19 pandemic." As explained below, we agree with the court's assessment of good cause; its decision that the period of the continuances was excludable was not clearly erroneous.

In *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021), the defendant challenged the district court's finding that delays occasioned by the COVID-19 pandemic were for good cause for statutory speedy trial purposes. We concluded that "[c]onsidering the evidence that was presented at the hearing on the motion to discharge and the facts of which the district court properly took judicial notice, . . . the district court's finding of good cause for the continuances when made was not clearly erroneous." *Id.* at 238, 964 N.W.2d at 692. We reasoned that the circumstances entailed by the pandemic were such that the court could find "good cause" in the sense of "a substantial reason . . . that affords a legal excuse." *Id.* (internal quotation marks omitted). In support of our conclusion in *Brown*, we cited *U.S. v. Olsen*, 995 F.3d 683, 693 (9th Cir. 2021), in which the Court of Appeals for the Ninth Circuit applied the federal Speedy Trial Act and its exclusion of time for "ends of justice" and stated that "surely a global pandemic . . . falls within such unique circumstances to permit a court to temporarily suspend jury trials in the interest of public health." We note for completeness that the opinion in *Olsen* has now been amended and superseded by the opinion in *U.S. v. Olsen*, 21 F.4th 1036 (9th Cir. 2022), in which petitions for panel rehearing and rehearing en banc were denied. However, the language we quoted from the original opinion remains in the amended opinion.

Our opinion in *Brown* provides precedent that as a general matter, the COVID-19 pandemic and the public health interests related thereto may provide good cause. However, in *Brown*, we were careful to state that our determination in

that case that good cause was shown "considers the context of the COVID-19 pandemic circumstances and conditions that existed at the time the continuances were ordered." 310 Neb. at 238, 964 N.W.2d at 692. *Brown* involved continuances ordered between March and August 2020, and our determination in *Brown* was based on the specific context and circumstances in existence at those times.

The present case involves continuances ordered at a later time, specifically between November 2020 and April 2021, when the record shows that circumstances and conditions of the pandemic were different. In *Brown*, the continuances occurred in a time when the court was holding no trials, and during part of the period of delay in this case, the district court for Douglas County was holding no trials. However, during at least part of the time when continuances were ordered in this case, the court had resumed holding a limited number of trials.

At the hearing on the motion for discharge in this case, the court took judicial notice of the files in this case and it also received evidence offered by the State which included affidavits of the court's bailiff and orders filed by the court and by the presiding judge of the district court. The court's continuance orders in this case were prompted by the presiding judge's orders that required judges of this district court to limit the number of criminal jury trials and to continue all other trials that required a jury. The presiding judge's orders described the specific context and circumstances at the time of the delays, noting factors such as "ongoing social distancing restrictions," lack of space to accommodate multiple jury trials while adhering to such restrictions, a "resurgence of the COVID-19 pandemic" that was "more severe" than earlier times, the "inability to safely call and retain an adequate cross-section of jurors," and the resulting "backlog of criminal and civil cases requesting jury trials."

The record in this case provides sufficient evidence regarding the context and circumstances that were in existence at the specific periods that the continuances were ordered in

this case for reasons relating to the COVID-19 pandemic, the related public health concerns and restrictions, and the effect of the pandemic and related restrictions on the district court's ability to hold jury trials. We discuss the evidence regarding the court's backlog in greater detail below. At this point, we note that the record shows that docket congestion had been created by the pandemic, that this judge was permitted to try only a limited number of jury cases, and that the judge was directed to proceed to trial on a criminal case that had been pending significantly longer than Moody's. Given the facts and circumstances, Moody's claim that his specific case should have gone to trial fails. The State was not obligated to show that convening a jury trial would have been literally impossible. See *U.S. v. Olsen*, 21 F.4th 1036 (9th Cir. 2022). The State's showing was sufficient, and good cause was demonstrated.

We determine that based on the evidence before it at the time of Moody's motion for discharge, the district court did not clearly err when it found that the COVID-19 pandemic, the public health concerns related thereto, and the restrictions on the district court's ability to carry out jury trials at the specific times of the continuances in this case provided good cause not to bring this specific case to trial.

*District Court's Findings in Its Order Regarding*
*Cause of Continuances and Period of Delay*
*Attributable to Such Continuances*
*Were Sufficiently Specific.*

[12] Moody also claims that the district court's order was not adequately specific. He cites *State v. Alvarez*, 189 Neb. 281, 292, 202 N.W.2d 604, 611 (1972), in which we held that when a court makes a finding of "good cause" under 29-1207(4)(f), the court is "required to make specific findings as to the cause or causes of such extensions and the period of extension attributable to such causes." With regard to specific findings as to the cause or causes, we determine that the district court's order was specific that the causes of the delays were the

COVID-19 pandemic and the restrictions related thereto that limited the district court's ability to carry out jury trials.

Moody argues that the findings were not specific enough to his particular case, because the court did not make findings why his specific case could not be brought to trial when other cases were being tried. We note, however, that the district court's order was specific in setting forth the orders of the presiding judge that prompted each of the continuances of Moody's trial. The evidence in this case shows that during part of the period of delay, there were no trials being held in the district court. At other times during that period, only a limited number of jury trials were being held and all other cases, including Moody's, were required to be continued.

The presiding judge's order with regard to March 2021 shows that the specific judge assigned to this case was limited to holding only one criminal jury trial and that several other cases, including Moody's, were in "back-up" status. The affidavit of the bailiff also provided evidence that the one case that was heard by the judge in March 2021 had been pending in the district court since March 2019 as compared to the information against Moody which was filed on May 15, 2020. We think that the district court's order was adequately specific that Moody's case was being continued because of restrictions required by the pandemic and by the presiding judge's orders permitting only a limited number of specified jury trials to be held, while other trials, including Moody's, were required to be continued in order to comply with restrictions in the limited space available.

Moody also argues the order was not sufficiently specific regarding the period of delay attributable to the finding of good cause. He argues the court was not specific in identifying the period of delay, including the number of days excluded and the last date for which trial could be held for Moody. As a general matter, we require a more explicit calculation of the speedy trial period to aid our appellate review than that which was provided by the court in this case. However, the

court's order in this case was sufficiently clear to show that the period that was excluded was sufficient to extend the last date for trial past March 31, 2021, when Moody filed his motion for discharge.

The court found that "it was not possible to take this particular case to trial between November 2020 and April 2021, because of the COVID-19 pandemic." The court also found that the delay caused by "the continuance of the November 9, 2020 trial date," the "continuance of the January 20, 2021 trial date," and the "continuance of the March 17, 2021 trial date" constituted an excludable period of delay pursuant to § 29-1207(4)(f). As we stated earlier, under *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021), we review a finding of good cause based on evidence presented at the hearing on a motion for absolute discharge and the whole of the record at that time. Therefore, the district court's finding that the period of delay was excludable was made from the perspective of the record as it existed at the time of the motion for absolute discharge. From that vantage, the court found that the period of delay included the entire time from November 9, 2020, the first date set for trial, and April 14, 2021, the date set for trial in the last of the continuances.

For completeness, we note that the court stated that the first continuance began on November 9, 2020, the date the trial was originally scheduled. Moody asserts that the excluded period should not start until November 10, when the court filed its order, and in contrast, the State asserts that the excludable period should start on November 6, which was the date of the hearing at which the court announced it would order the continuance. We need not resolve the "correct day-one issue" because it is of no consequence in this case.

Moody filed his motion for discharge on March 31, 2021. The excludable period of delay related to the continuances began before November 16, 2020, which otherwise would have been the last day for trial, and continued to April 14, 2021, the date set for trial in the last continuance. Because the last

date of the period excluded was April 14, it is clear that the period of exclusion was of sufficient duration that the last date for trial was no earlier than April 14. Therefore, when Moody filed his motion for discharge on March 31, the statutory time for speedy trial had not ended. We therefore determine that the district court's order was sufficiently specific regarding the period of delay, and on appeal, it is clear that the motion for discharge was filed before the last day for trial under the speedy trial statute.

## CONCLUSION

The district court's order was sufficiently specific regarding the causes of the delay and the period of delay, and the court's finding that Moody's case should not be dismissed on statutory speedy trial grounds was not clearly erroneous. We therefore determine that the district court did not err when it overruled Moody's motion for discharge based on statutory speedy trial grounds, and we affirm the district court's order in this respect. We lack appellate jurisdiction to review Moody's claim that he was entitled to absolute discharge on constitutional speedy trial grounds, and we therefore dismiss that part of the appeal.

AFFIRMED IN PART, AND IN PART DISMISSED.