IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
**(Memorandum Web Opinion)**


STATE V. CRUZ


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

NICOLAS R. CRUZ, APPELLANT.


Filed June 7, 2022.   No. A-21-717.


Appeal from the District Court for Butler County: CHRISTINA M. MARROQUIN, Judge. Affirmed.

Chad J. Wythers, of Wythers Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.


MOORE, RIEDMANN, and ARTERBURN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Nicolas R. Cruz appeals the decision of the district court for Butler County denying his motion for absolute discharge on speedy trial grounds. We find that the district court did not err in determining that his motion for discharge was premature. Accordingly, we affirm.

### BACKGROUND

On September 3, 2020, the State filed a three count information charging Cruz with possession of a controlled substance-methamphetamine, a Class IV felony; possession of marijuana, one ounce or less, an infraction; and possession of drug paraphernalia, an infraction.

Cruz first appeared before the district court on September 8, 2020, and pled not guilty to the three counts. A pretrial hearing was set for October 6, and the trial was scheduled for the January 11, 2021, jury term. On October 6, 2020, Cruz did not appear for his pretrial hearing, and

- 1 -

a bench warrant was issued. Subsequently, Cruz appeared in district court on October 20 for a pretrial hearing.

On December 23, 2020, the district court issued an order sua sponte, continuing the January trial to the March 15, 2021, jury term due to the restrictions caused by the COVID-19 pandemic. The order references a November 6, 2020, general order issued by Judge Horacio J. Wheelock, the presiding judge of the Fourth Judicial District. The general order continued all criminal jury trials in Douglas County from November 9 through January 1, 2021, due to the pandemic. The Butler County District Court found the pandemic had created similar conditions in the Fifth Judicial District and continued Cruz' trial to the next available date which was the March 15, 2021, jury term.

On March 1, 2021, the district court, on its own motion, continued the jury trial "due to that jury term being utilized by other cases higher up on the Jury Progression List." Cruz' case was scheduled for a status hearing/pretrial on April 6 and for the jury term commencing May 10. According to Cruz, the trial was set to begin "on or about" May 12.

On May 10, 2021, Cruz filed a motion for absolute discharge, alleging that the State failed to bring the case to trial within 6 months as required by Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016). On June 22, a hearing on the motion was held. The State offered four exhibits in opposition to the motion. It offered the initial December 23, 2020, order continuing the trial, which noted that as of December 21, the Four Corners Health Department for Butler County assessed the current COVID-19 risk as high, nearly reaching severe. It offered a November 24 amended administrative order issued by the district court for the Fifth Judicial District, which continued all criminal jury trials scheduled for December 2020 to after January 8, 2021. The amended order found "that given the risk to jurors, court personnel, litigants and interpreters, the Court may not safely conduct jury trials at this time despite the best efforts of the court staff and the counties to provide a safe location for jury trials." The State also offered a November 19, 2020, administrative order issued by the presiding county court judge in the Fifth Judicial District that detailed the court procedures being used to limit the transmission of COVID-19. Finally, the State offered a November 6 administrative order authored by the Chief Justice of the Nebraska Supreme Court addressing procedures of the judicial branch with respect to the COVID-19 disease. The State submitted a "Speedy Trial Calculation" that showed the speedy trial clock had not elapsed based upon excludable time periods. Cruz did not request discharge on any constitutional grounds.

On August 3, 2021, the district court issued an order denying Cruz' motion for absolute discharge. It found that based upon the information having been filed on September 3, 2020, the statutory speedy clock would run on March 3, 2021, without any excludable time. However, the time period from January 11 to March 15, 2021, (63 days) was excludable for good cause, consistent with the current circumstances of the court during the spike of COVID-19. In its reasoning, the district court noted the similar findings of Judge Wheelock and his General Order MS 21-110. The district court also found that the continuance from March 15 to May 10 (56 days) was excludable under § 29-1207(4)(f), because of the congested docket of the district court. In total, it found 119 days to be excluded under § 29-1207(4)(f); therefore, when adding that amount to the original trial deadline of March 3, the State had until June 30 to bring Cruz to trial. Consequently, the district court denied Cruz' motion for absolute discharge because the scheduled

May 10 trial date was not beyond the statutory six-month period and the motion was premature. Cruz timely appealed.

ASSIGNMENT OF ERROR

Cruz assigns that the district court erred when it overruled his motion for absolute discharge.

STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022).

ANALYSIS

Cruz does not contest the exclusion of the 14 day period from October 6 to October 20, 2020, which is the time period between the date of the pretrial conference at which he failed to appear and the date he next appeared in court. Nor does Cruz contest the exclusion of the 55 day period from March 16 to May 10, 2021, the period of time due to the court's congested docket. Rather, Cruz argues that an "82-day period between December 23, 2020, and March 15, 2021" was not excludable and, therefore, his motion for absolute discharge should have been granted. Brief for appellant at 7. Cruz asserts that the district court did not cite in its order the evidence and exhibits that could have established good cause for tolling the speedy trial clock, but instead, only cited to the general order that applied to a different judicial district and was not received as evidence in this case.

We first note that the district court did not exclude an 82 day period between December 23, 2020 and March 15, 2021. Rather, it excluded a 63 day period between January 11, 2021, (the initial trial date) and March 15 (the next scheduled trial date). We also note that Cruz concedes that the State's evidence was probably sufficient to prove good cause. On appeal, he argues: "Cruz acknowledges that several exhibits were offered at the hearing for absolute discharge which, considering a global pandemic, probably provide sufficient evidence of 'good cause' however, those exhibits were not referenced in the Court's Order on August 3, 2021." Brief for appellant at 11. We, therefore, focus on the time period of January 11 to March 15 and the State's burden for proving excludable time.

We point out that the State contends that we need not address Cruz' specific argument because when considering the subsequent delay from March 15 to May 10, 2021, the speedy trial clock had not yet run. However, given that the earlier time period is the sole basis for Cruz' assigned error, we address his argument as pled.

*Standards Governing Speedy Trial and Good Cause.*

The statutory right to a speedy trial is set forth in §§ 29-1207 and 29-1208. Section 29-1208 provides that if a defendant is not brought to trial within the time provided for in § 29-1207, as extended by excluded periods, the defendant will be entitled to absolute discharge from the charged offense. Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1207(2) generally provides that the "six-month period shall commence to run from the

date the indictment is returned or the information filed." Certain periods of delay are excluded from the speedy trial calculation. As relevant to this case, § 29-1207(4)(f) provides that other periods of delay not specifically enumerated in the statute may be excluded in the speedy trial computation, "but only if the court finds that they are for good cause."

The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4). *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022) (citing *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021)). "Good cause," for purposes of § 29-1207(4)(f), is not defined by statute, but the Supreme Court found that "good cause" means a substantial reason and one that affords a legal excuse. *State v. Moody, supra*. Good cause is a factual question dealt with on a case-by-case basis. *Id.* A district court's good cause finding must be supported by evidence in the record, and as noted, the State bears the burden of establishing facts showing that good cause existed. *Id.*

When a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, a general finding of "good cause" will not suffice. *State v. Brown, supra*. Instead, the court must make specific findings as to the good cause which resulted in the delay. *Id.* An appellate court will give deference to such factual findings unless they are clearly erroneous. *Id.*

To calculate the time for statutory speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *State v. Billingsley*, 309 Neb. 616, 961 N.W.2d 539 (2021). Applying this formula, the State and Cruz agree that based upon the filing of the information on September 3, 2020, the last day for trial in the absence of excludable time periods would be March 3, 2021. Cruz' trial was originally set for the January 11, 2021, jury term, well within the allowable time.

Cruz does not contest the exclusion of time periods from October 6 to October 20, 2020, or from March 16 to May 10, 2021 (the date Cruz filed his motion for absolute discharge). Rather, his focus is on the period of delay caused by the district court's sua sponte continuance of trial from the January 11 jury term to the March 15 jury term.

*Time Period From January 11 to March 15, 2021.*

In its December 23, 2020, order continuing trial from January 11 to March 15, 2021, the court found that it was "simply impossible" to conduct trial in January. It cited Judge Wheelock's General Order MS 20-110, which stated that due to the COVID-19 pandemic, it was not possible to conduct jury trials in Douglas County. The Butler County district court judge concluded

> This Court, sitting in the 5th Judicial District and located in Butler County, David City, Nebraska, is located only sixty-nine miles from the Douglas County Courthouse. As of December 21, 2020, the Four Comers Health Department for Butler County assessed the current risk as "high", nearly reaching "severe". The Court notes that the risk is greater now than it was in November 2020, when Judge Wheelock's order was entered. As such, the findings of Judge Wheelock are consistent with the current circumstances of the District Court of Butler County, Nebraska. This Court agrees with and adopts all the findings of Judge Wheelock contained in the November 6, 2020 General Order, MS20-110.

As a result, the court continued the trial to the jury term commencing March 15, 2021, "due to the restrictions caused by the pandemic."

At the hearing on the motion to discharge, the State offered this order, along with the other three exhibits previously mentioned, which were received by the district court. In its order denying the motion for absolute discharge, the district court iterated the progression of the case, stating that the trial was continued from January 11 to March 15, 2021, because of "a risk to public safety in convening a jury trial during a pandemic." It referenced its December 23, 2020, order finding good cause for the continuance, and acknowledged similar findings of Judge Wheelock and the General Order MS 21-110. Having found good cause for the continuance, it excluded this period of time when calculating how much time remained to bring Cruz to trial.

As a general matter, the COVID-19 pandemic and the public health interests related thereto may provide good cause for a continuance. *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022); *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021). And Cruz does not argue that the pandemic did not constitute good cause. Rather, he focuses on the absence of any reference to the State's evidence in the court's order. But our law does not require that the court identify the specific evidence upon which it relied; rather, it requires the court to make specific findings as to the good cause which resulted in the delay. Here, the district court found that the pandemic and the obstacles that it presented in conducting jury trials constituted good cause.

A district court's good cause findings must be supported by evidence in the record, and as noted, the State bears the burden of establishing facts showing that good cause existed. *State v. Brown, supra.* Our review of whether the State met its burden focuses on the evidence presented to the court at the time of the hearing on the motion for discharge and whether that evidence supported the court's finding that good cause existed at the time of the delays. *Id.* In doing so, we look not just to the evidence presented at the hearing on the motion to discharge, but to the whole of the record. *Id.*

The record contains evidence that supports the district court's finding that good cause existed to continue the jury trial due to the COVID-19 pandemic. At the hearing on the motion for absolute discharge, the State offered into evidence the district court's December 23, 2020, order continuing the trial, a November 24 amended administrative order from the Fifth Judicial District identifying the "emergency conditions" caused by the pandemic, a November 19 administrative order from the county court for the Fifth Judicial District addressing the pandemic, and a November 1 administrative order of the Chief Justice of the Supreme Court. Based upon these exhibits, the State met its burden of proving good cause for excluding the time period of January 11 to March 15, 2021.

Because Cruz does not contest the 14 day time period between October 6 to October 20, 2020, nor the subsequent period of March 16 to May 10, 2021, we need not address the validity of their exclusion. Adding those days to the 63 days properly excluded above, we find no error in the district court's denial of Cruz' motion for discharge filed on May 10.

CONCLUSION

For the foregoing reasons, we affirm the order of the district court denying Cruz' motion for absolute discharge.

AFFIRMED.