IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PARKS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOHN L. PARKS, SR., APPELLANT.

Filed May 16, 2023.    No. A-22-691.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Affirmed.

Michael P. Meckna for appellant.

Michael T. Hilgers, Attorney General, and Stacy M. Foust for appellee.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

John L. Parks, Sr., files this interlocutory appeal asserting the district court erred in overruling his motion for absolute discharge on speedy trial grounds. Parks argues that continuances made by his appointed counsel without his consent should not toll the speedy trial clock. He further argues that time should not be excluded due to motions filed by his appointed counsel that were not ruled upon by the court. Upon our review of the record, we affirm the order of the district court denying Parks' motion for absolute discharge.

## BACKGROUND

Parks was charged by information on May 7, 2021, in the Douglas County District Court with two counts of first degree murder, two counts of use of a firearm to commit a felony, two counts of possession of a firearm by a prohibited person, and one count of possession with intent

- 1 -

to deliver cocaine. The charges stem from a double homicide that occurred in a hotel parking lot in Douglas County, Nebraska, on July 30, 2020. The information was later amended to add a habitual criminal allegation. The Douglas County Public Defender's Office was appointed to represent Parks in the proceedings.

Parks' previous defense counsel filed a motion for discovery on May 10, 2021. The next day, the court issued an order granting the discovery motion. In an order dated June 2, the court set the case for pretrial hearing on June 25. While no verbatim record was made of the June 25 pretrial hearing, the court entered an order that day which ultimately continued the pretrial hearing to August 13. The order recites that Parks appeared personally and with counsel and that defense counsel, on Parks' behalf, had requested the continuance. Additionally, the order stated defense counsel confirmed that they advised Parks that the continuance would toll the speedy trial clock and that Parks understood and consented to the same. The court further found that Parks' motion to continue tolled his statutory speedy trial rights pursuant to Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016).

No verbatim record was made of the August 13, 2021, hearing as well. The court entered an order on that date which is essentially identical to the June 25 order. The court again indicated that Parks appeared personally with counsel, and that counsel again requested a continuance of the pretrial hearing, that they had consulted with Parks, and that he consented to the motion. The court then continued the pretrial hearing to September 27 on Parks' motion and found that his motion tolled his speedy trial rights. However, the record also includes a document from the Douglas County Sheriff that shows that Parks' transport order which was entered in order to bring him from the Sarpy County jail to the Douglas County courthouse to attend the hearing was cancelled because Parks was in quarantine status at the jail.

The September 27, 2021, pretrial hearing was rescheduled to September 23 on the court's own motion. A transport order was entered for Parks to attend the hearing. However, the transport order was cancelled by the bailiff on September 22. There again is no verbatim record of the September 23 hearing. The court on this occasion noted the appearance of Parks' counsel, but did not indicate that Parks was present. The court entered an order continuing the pretrial hearing to November 5, 2021, on the motion of Parks' counsel. Just as with the previous orders, the court recited that defense counsel confirmed that they had advised Parks that the continuance would toll his speedy trial clock and that he understood and consented to the same. In a separate order, the court scheduled a jury trial to begin on May 16, 2022.

It appears from the record that the pretrial hearing scheduled for November 5, 2021, did not occur. In an order dated November 10, the court recited that an oral motion to continue the pretrial hearing had been made by counsel for Parks, that they had advised Parks that the continuance will toll the speedy trial time, and that Parks understood and consented to the motion. Based on the oral motion, the pretrial hearing was continued to November 29, 2021. Prior to the continuance of the November 5 hearing, Parks filed a pro se "Motion of Discovery" on September 27 requesting that he be allowed to have discovery materials on his own time in the jail.

On November 29, 2021, Parks' counsel filed two motions to take depositions. The pretrial hearing that day is the first hearing for which a verbatim record was made. At that hearing, Parks made a pro se oral motion to dismiss his counsel. Parks stated he was frustrated with his counsel because of the lack of communication and differences in opinion regarding trial strategy. Parks

also expressed his discontent with the prior motions for continuance made by counsel. He did not support counsel's request to depose witnesses and stated he was "ready to go to trial." After a lengthy discussion, the court denied the motion to dismiss counsel and instructed Parks to talk to his counsel. The court also denied Parks' pro se motion to receive and maintain his own discovery materials at the jail. No request for a ruling was made by counsel for Parks regarding the two motions to take deposition and no ruling made by the court. While there is indication that one of the depositions requested was eventually taken, the verbatim record of all subsequent pretrial and motions hearings reveal no further attempts by prior counsel or current counsel to either raise these motions again or withdraw them. Our record also reveals no written motions or pleadings filed by either previous or current counsel that request a ruling on the motions or withdraw them. No ruling on the motions has been made.

Parks hired new counsel on January 24, 2022. The Douglas County Public Defender's motion to withdraw was sustained by the court the next day. Through February and March several pretrial hearings were held. A verbatim record of these hearings was made and Parks was present. At each of these hearings, counsel for Parks made oral motions for continuance of the pretrial hearings and these motions were sustained. During this time, the jury trial remained scheduled for the May date. However, at the March 9 pretrial conference, defense counsel orally requested a continuance of trial to September 21 due to counsel having a federal trial scheduled in May. The court granted the request, continued trial to September 21, 2022, and found that Parks' motion to continue resulted in the tolling of his statutory speedy trial rights.

On September 19, 2022, Parks' counsel filed a motion to discharge based on statutory and constitutional speedy trial grounds, which was amended the next day. A hearing on the motion was held September 20. The State offered a transcript of the proceedings, an affidavit from the prosecutor regarding the scheduling of depositions, and a two-page document showing that a witness deposition was conducted on August 9 as well as a certified copy of the entire docket for the case. Parks testified at the hearing that he was not aware of and did not consent to the motions to continue orally made by his previous counsel. The court denied the motion to discharge. According to its calculations, the court determined that only 49 days had run on the speedy trial clock. The court found that one day was excludable based on the defense motion for discovery that was filed on May 10, 2021, and ruled on the next day. The court found that the period between June 25, the date of the first pretrial hearing, and November 29, 2021, was also excluded due to defense counsel's series of motions to continue made at the various pretrial hearings, beginning June 25. The court further found that since the November 29 motions to take deposition had never been ruled upon, the case had remained off the speedy trial clock up until the September 21, 2022, jury trial date. The court also noted the motions made by current counsel for continuance of pretrial hearings and the jury trial as additional bases for the exclusion of time. Finally, the court found that the motion to dismiss based on constitutional speedy trial grounds was "meritless and patently frivolous."

Parks appeals.

ASSIGNMENTS OF ERROR

Parks has assigned and argued five errors which we consolidate, renumber, and restate as follows. First, Parks generally assigns that the district court erred in overruling Parks' motion to

discharge based upon statutory and constitutional speedy trial grounds. Next, Parks assigns that the district court erred by continuing numerous pretrial hearings based solely on oral motions to continue and then finding that the continuances tolled his speedy trial rights. Third, Parks assigns that the district court erred by either excluding the time that elapsed between Parks' filing of his pro se motion for discovery and the court's resolution of that motion or in the alternative not clearly defining whether it excluded that period of time. Finally, Parks assigns that the court erred by excluding time associated with prior counsel's motions to continue pretrial hearings which were requested without his consent.

We note that in his argument, Parks focuses primarily on events that occurred prior to the entry of appearance by current counsel. More specifically, much of his argument relates to the period culminating with the November 29, 2021, pretrial hearing and November 30 order of the court. Beyond those dates, he only contests the finding that the motions for deposition filed by prior counsel on November 29 are unresolved, thus resulting in exclusion of all of the time that transpired thereafter. Parks does not argue that any continuances of pretrial hearings or of trial granted following November 30 were improperly given or fail to result in excludable time. Thus, our analysis will primarily focus on the events ending on November 30, 2021, and the effect of the motions for depositions.

## STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022).

Statutory interpretation is a question of law. *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023). The application of a statute to undisputed facts is a question of law. *Id.* On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

## ANALYSIS

*Constitutional Right to Speedy Trial.*

We begin with Parks' assigned error that his constitutional speedy trial rights were violated. The Nebraska Supreme Court has held that a constitutional right to a speedy trial claim is not reviewable in an interlocutory appeal of an order overruling a motion for discharge on statutory speedy trial grounds. *State v. Moody, supra*. Therefore, we do not have jurisdiction to consider this issue at this time. We will only address Parks' assertion that his statutory speedy trial rights were violated.

*Statutory Right to Speedy Trial.*

We now turn to Parks' general assertion that the court erred in overruling his motion to discharge based on statutory speedy trial grounds. Upon our review of the record, we find that the court did not err in its statutory speedy trial calculations.

Under § 29-1207, a criminal defendant must be brought to trial within 6 months of the filing of the information against them. However, § 29-1207 also provides periods that are excludable from this 6-month time limit. As is relevant in this appeal, § 29-1207(4)(a) describes

- 4 -

as excludable time, "the period of delay resulting from . . . the time from filing until final disposition of pretrial motions of the defendant," and § 29-1207(4)(b) describes as excludable time, "[t]he period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel." If a defendant is not brought to trial before the running of the time for trial as provided in § 29-1207, and as extended by excluded periods, he or she shall be entitled to an absolute discharge from the offense charged. *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021). To calculate the 6-month period under § 29-1207, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *State v. Coomes, supra*. The burden of proof is upon the State to show by a preponderance of the evidence that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within a 6-month period. *State v. Coomes, supra*.

The information in this case was filed on May 7, 2021. Applying the 6-month calculation, the State had until November 7, 2021, to bring Parks to trial before any excludable time is considered. Parks does not dispute that there is one day of excludable time for the motion for discovery filed on May 10, and resolved on May 11. However, Parks does argue that the time period between June 25 and November 29 and from November 29 to present day should not toll the speedy trial clock.

Parks first argues that since the motions to continue made by prior counsel were orally made, they did not meet the requirements of Neb. Rev. Stat. § 25-1148 (Reissue 2016) and Neb. Rev. Stat. § 29-1206 (Reissue 2016) and cannot be utilized as a basis for exclusion of speedy trial time. Section 25-1148 generally provides that an application for continuance should be made in writing and be accompanied by an affidavit setting out the reasons for the request. Section 29-1206 states that applications for continuances in criminal cases should be made in accordance with § 25-1148.

We pause here to note that the record from which we can examine this issue is thin. No verbatim record of the pretrial hearings prior to November 29, 2021, were made. The State concedes in its brief that the record calls into question that part of the court's orders that stated Parks was present for at least two of the hearings. Parks' testimony at the November 29 hearing also contests the findings of the court that his counsel advised him of their intent to seek a continuance and asserted that he never consented to those motions. However, there is nothing in our record that contests the court's recitations that at or before each of the scheduled pretrial hearings in 2021, prior counsel for Parks made oral motions for continuance which were granted by the court.

Parks argues that based on the lack of record including the lack of good cause shown for continuance, and the lack of compliance with §§ 25-1148 and 29-1206, the time that passed between the scheduled pretrial hearings should not have been excluded. While we agree that it would be preferable that a verbatim record of the hearings be made, we can resolve this issue. The Supreme Court addressed the issue before us in *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). The court held that where continuances are granted at the request of the defendant, the defendant cannot later complain that the court violated §§ 29-1206 and 25-1148 in granting their request. Here, Parks through counsel, orally requested continuances. He cannot successfully claim

that his prior counsel's failure to file written motions for continuances should result in a finding that the State has failed to bring him to trial within the parameters of § 29-1207(4)(b).

Parks next argues that the time period between June 25 and November 29, 2021, is not excludable time because he did not personally consent to defense counsel's requests for continuances. Parks points to the November 29 hearing, in which he made a pro se oral motion to dismiss his counsel, for support of his position. During that hearing, Parks expressed his disagreements with his appointed counsel. Parks informed the court that he did not want his counsel to conduct depositions, and he did not approve of the motions to continue made by his counsel. Parks later retained current counsel resulting in the withdrawal of his appointed counsel. However, Parks' testimony regarding his wishes does not negate prior counsel's ability to seek and obtain a continuance, nor does it require the inclusion of the time that elapsed due to counsel's requests.

The plain language of § 29-1207(4)(b) provides that a period of delay "resulting from a continuance granted at the request or with the consent of the defendant *or his or her counsel*" shall be excluded in computing the time for trial. (Emphasis added.) The Supreme Court has noted that this language anticipates a request for a continuance made solely by counsel. See *State v. McHenry*, 268 Neb. 219, 682 N.W.2d 212 (2004). In *McHenry*, the Court held that the statutory right to a speedy trial is not a personal right that can be waived only by a defendant, and a defendant is therefore bound by counsel's motion for a continuance even if the defendant is opposed to the motion. See also *State v. Sims*, 272 Neb. 811, 725 N.W.2d 175 (2006). No showing of good cause is required when the period of delay was a result of a continuance requested by defense counsel. *Id.* Therefore, we need not consider Parks' allegations that good cause did not exist for prior counsel's requests. Therefore, the district court did not err in finding that the time period between June 25 and November 29, 2021, was excludable time pursuant to § 29-1207(4)(b).

We now turn to Parks' argument that the court erred in excluding the entirety of the time which has elapsed since November 29, 2021, the date that Parks filed his two motions for depositions. Parks claims that the court erred by not ruling on the motions in a timely fashion. Those motions were not addressed at the November 29 hearing and have not been brought to the court's attention at any subsequent hearing contained in our record. Section 29-1207(4)(a) excludes, in relevant part, "the time from filing until final disposition of pretrial motions of the defendant." The Supreme Court has stated that "the plain terms of § 29-1207(4)(a) dictate the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the promptness or reasonableness of the delay of disposition." *State v. Nelson*, 313 Neb. 464, 472, 984 N.W.2d 620, 628 (2023). The excludable period commences on the day immediately after the filing of a defendant's pretrial motion and ends at final disposition, which occurs on the date the motion is granted or denied. *Id.* It is presumed that a delay in hearing defense pretrial motions is attributable to the defendant unless the record affirmatively indicates otherwise. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

Parks again relies on the November 29, 2021, hearing to support his argument that the time period extending from November 29 should not be excluded. According to Parks, he made a pro se request to withdraw defense counsel's motions to depose witnesses. While Parks made it clear at the November 29 hearing that he did not want motions filed and did not support his counsel's request to depose witnesses, he did not make a formal motion to withdraw the motion. Clearly,

Parks and his appointed counsel had disagreements regarding trial strategy. At the time Parks informed the court of his issues relating to the depositions, he had made a motion to dismiss his counsel. After a lengthy discussion with Parks about the disagreements, the court instructed Parks that he needed to talk with counsel. Counsel did not ask the court to rule on the motions to take depositions and the court did not assert itself further into the disagreement by issuing a ruling. Because the court was aware of conflict between Parks and his counsel specifically related to the motions to depose, we find no error in the court's decision not to further address the motions on November 29.

Further, the responsibility was on the defense to present the motions to the court for a ruling. Parks hired new counsel knowing that these motions had been filed by his previous counsel. The record demonstrates that Parks' retained counsel was aware of the pending motions. Depositions were scheduled to take place on March 1 and 2, 2022, but were cancelled by Parks' hired counsel. One deposition then was conducted by Parks' counsel on August 9. Therefore, defense counsel was aware of the pending motions to depose witnesses yet failed to present them to the court for a ruling or in the alternative, failed to withdraw them. Pursuant to § 29-1207(4)(a), the speedy trial clock has been tolled since November 29, 2021, due to defense counsel's filing of pretrial motions to depose witnesses which have yet to be resolved.

Parks' final contention is that the district court should not have excluded the time which elapsed from September 27, 2021, when he filed his pro se "Motion of Discovery" until November 29 when it was resolved. Having found that the time which elapsed from June 25 to November 29 based on Parks' motions for continuances was properly excluded, it is unnecessary for us to resolve this issue. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. *Frenchman-Cambridge Irr. Dist. v. Dept. of Nat. Res.*, 297 Neb. 999, 902 N.W.2d 159 (2017). We agree with the district court's finding that only 49 days had elapsed which could be counted toward Parks' statutory speedy rights. The court did not err in denying Parks' motion for absolute discharge based on statutory speedy trial grounds.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court denying Parks' motion for absolute discharge.

AFFIRMED.